IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>**GUANTANAMO BAY**<br>**DETAINEE LITIGATION** | **Misc. No. 08-442 (TFH)**<br><br>Civil Action No. 05-CV-1189 (JR) |

**PETITIONER'S CASE STATUS REPORT**

Petitioner Omar Mohammed Khalifh, prisoner ISN 695, respectfully submits the following case status report:

**I.    FACTS**

Petitioner is still confined at Guantanamo Bay, Cuba, and has been continuously since August 2002.  He was taken into custody in Pakistan, approximately February 2002, along with a group of 15 to 20 individuals.  He was transported by the Pakistanis to Afghanistan where he and others were turned over to American authorities.  At that time, a bounty of approximately $5,000 per person was being paid by the United States for individuals who were members of the Taliban or al Qaeda.

Petitioner was born and raised in Libya and did live in Afghanistan during the late 1990's.  In 1998, he was employed removing landmines in that war torn country and received a major injury to his right leg caused by a detonating mine.  He was thereafter hospitalized for a prolonged time and his right leg was amputated just below the knee.  Previously, he had suffered multiple fracture injuries to his left leg, which remained in a weakened condition.  Even though Petitioner has a right leg prosthesis, he requires the use of either a walker or crutches in order to walk, given his seriously disabled status.

Petitioner was not arrested on the battlefield, and contends that he has never engaged in hostile action against the United States, nor its allies.

During his Guantanamo confinement, Petitioner has completely lost useful vision in his left eye, with right eye vision becoming impaired. Counsel for Petitioner have been denied access to his medical records. From Petitioner's description, it appears that he may have glaucoma.

## II.    PROCEEDINGS THIS CASE

June 14, 2005 – Petition for Habeas Corpus filed.

July 12, 2005 – Respondents' Motion to Stay Proceedings filed.

July 25, 2005 – Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction Requiring a 30-Day Notice of Respondents' Intent to Remove Petitioner From Guantanamo.

October 24, 2005 - Order by Judge Robertson granting Respondents' Motion to Stay. Judge Robertson directed that the stay order applies "to all proceedings applicable to the petitioners, including, without limitation their release, repatriation, or rendition, and it will remain in effect until further order of the Court." Since the October 24, 2005 order effectively prohibited any transfer of the Petitioner without leave of court, the same order denied Petitioner's Motion for an order requiring 30-days advance notice of the petitioner's removal as moot.

April 5, 2007 – Sua Sponte order by Judge Robertson dismissing the case for lack of subject matter jurisdiction.

March 6, 2008 – Order by Judge Robertson denying with prejudice outstanding motions for reconsideration and for "stay and abey" order for lack of jurisdiction.

Petitioner requests that the Court vacate this dismissal as a result of <u>Boumediene</u>. Given the likelihood that Petitioner will face torture or death of repatriated to Libya, Petitioner also requests that this Court reinstate the July 25, 2005 order prohibiting Respondents from transferring Petitioner without leave of Court. Alternatively, Petitioner requests that the Court apply the 30-Day Notice Order to his case.

Petitioner is completing his sixth year of confinement at Guantanamo, and urges the Court to order his release following an evidentiary hearing. He cannot return to Libya and will seek asylum elsewhere.

On August 16, 2007, in relation to Petitioner's separate petition under the Detainee Treatment Act in the United States Court of Appeals for the District of Columbia Circuit (No. 07-1215), Counsel for Petitioner were provided with an unclassified, redacted version of the Combat Status Review Board hearing of October 12, 2004. The information provided amounts to 17 pages of redacted documents, with unsupported, conclusory statements that fail to provide evidence supporting Petitioner's status as an "enemy combatant." Petitioner did not attend the Board proceedings. Among other findings, the Board determined that Petitioner joined the Libyan Islamic Fighting Group ("LIFG"), "a listed terrorist organization." The Board also determined that Petitioner fought the Northern Alliance in 2001. There is no mention in the report that Petitioner is an amputee, nor of his severe disability in ambulating. The report makes no reference to sources of information.

Petitioner has not been charged by a military commission. Upon knowledge and belief, he has not been approved to leave Guantanamo.

Dated: July 18, 2008

Respectfully submitted,

   /s/ Cary Silverman
Cary Silverman (D.C. Bar No. 473658)
SHOOK, HARDY & BACON, LLP
600 14th Street NW, Suite 800
Washington, D.C. 20005-2004
Tel: (202) 783-8400/Fax: (202) 783-4211


   /s/ Edmund Burke
EDMUND BURKE
BURKE MCPHEETERS BORDNER & ESTES
737 BISHOP STREET, SUITE 3100
HONOLULU, HAWAII 96813
TEL: (808) 523-9833/FAX: (808) 528-1656

Attorneys for Petitioner
OMAR MOHAMMED KHALIFH

4